# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DEL MONTE FRESH PRODUCE N.A., INC.,**

        **Plaintiff,**

                                        **Case No. 6:08-cv-956-Orl-28KRS**

**v.**

**K & R FARMS PRODUCE, INC., et al.,**

        **Defendants.**

_____

## ORDER ENTERING INJUNCTION AND PACA TRUST CLAIMS PROCEDURE

WHEREAS, on June 12, 2008, Del Monte Fresh Produce N.A., Inc. ("Plaintiff") commenced the instant action against Defendants K & R Farms Produce, Inc. ("K & R Farms" or "Defendant") and its principals, Ova Kelly and Gary S. Roberts, to enforce the trust provisions of Section 5 of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA");

WHEREAS, the trust provisions of PACA establish a statutory, nonsegregated trust under which Defendant is required to hold all trust assets including inventory, proceeds, and accounts receivable in trust for qualified beneficiaries until full payment is made.  7 U.S.C. § 499(e)(c)(2);

WHEREAS, there exist many other PACA creditors who, like Plaintiff, have claims against K & R Farms, perhaps totaling as much as $500,000.00 to $600,000.00;

WHEREAS, K & R Farms has cash, receivables and tangible assets that in the aggregate total approximately $100,000.00, meaning that K & R Farms will not be able to fully satisfy the claims of all PACA creditors with its corporate assets;

WHEREAS, in order to minimize time and expense, and maximize the recovery of the PACA trust creditors, a PACA Claims Procedure ("Order") is appropriate, which Order shall establish the manner in which K & R Farms will liquidate its remaining assets in an orderly fashion and satisfy certain priority claims against it which are entitled to elevated trust beneficiary status under the PACA; and

WHEREAS, Defendants and intervening Plaintiff Heavenly Produce, Inc., have stipulated to entry of this Order (see Docs. 18 & 20);

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

A)      Plaintiff and other similarly situated unpaid suppliers of produce may be entitled to a beneficial interest in the single pool of K & R Farms's PACA trust assets that include, without limitation, inventory of perishable agricultural commodities, inventory of food or products derived from produce, accounts receivable or proceeds from the sale of such commodities or products, cash, and other assets, produce-related or not, commingled with proceeds of such commodities or products ("PACA Trust Assets").  Plaintiff reserves the right to assert that K & R Farms's other assets, including without limitation, furniture, fixtures, equipment, vehicles, leases and leasehold improvements (the "FF&E") should be considered or deemed to be included within the definition of PACA Trust Assets.  Plaintiff also reserves the right to pursue its deficiency claims, if any, against the responsibly connected principals of K & R Farms and potential transferees of PACA Trust Assets.  K & R Farms, on the other hand, reserves all rights regarding the amount, validity and PACA trust status of the claims of Plaintiff or any other similarly situated PACA trust beneficiary who joins this action, as well as all legal and equitable defenses available with respect to claims asserted in this case.

2

B)      This Order is reasonable and necessary to provide a procedural framework for the orderly liquidation of K & R Farms's PACA Trust Assets and FF&E (the PACA Trust Assets and the FF&E will be collectively referred to as the "Assets") and to review, qualify and satisfy any and all claims against the PACA Trust Assets, to maximize the recovery for all unpaid beneficiaries of the PACA trust, and to ensure the rights of all potential claimants are efficiently addressed in a single proceeding without the expense of administering multiple separate actions to enforce K & R Farms's obligations to all potential PACA trust beneficiaries.

C)      This Order may be executed in any number of counterparts with the same effect as if all signatories had signed the same document.  All counterparts must be construed together to constitute one instrument.

Based on the foregoing, **IT IS HEREBY ORDERED**, as follows:

## I.     PRELIMINARY INJUNCTION

1.      Pursuant to Fed. R. Civ. P. 65, this Order is binding upon the parties to this action, their officers, agents, employees, banks, or attorneys and all other persons or entities who receive actual notice of the entry of this Order.  In this regard, K & R Farms is hereby directed to serve a copy of this Order on all financial institutions with which it does any business, or who may be holding any assets for or on behalf of it.  K & R Farms, its agents, employees, officers, directors, and representatives are restrained and enjoined from hypothecating, transferring or dissipating PACA Trust Assets or withdrawing funds from the PACA Trust Account, as defined below, except as set forth in this Order.

2.      Due to the fact K & R Farms is currently in possession of the PACA Trust Assets at issue, and considering the remedial nature of PACA, the Court hereby finds good cause to set the bond in this matter at $0.00.

## II.      ESTABLISHMENT OF PACA TRUST ACCOUNT

3.      K & R Farms shall provide a detailed listing of all outstanding accounts receivable (the "Receivables"), accounts payable and all other assets held in K & R Farms's name to the signatories of this Order within three (3) business days of the date of this Order.

4.      K & R Farms is hereby directed to, within three (3) business days of the date of this Order, open an interest-bearing account at any insured and chartered financial institution with a branch located within this federal district, with such account to be opened under the account name of "K & R Farms Produce Co. PACA Trust Account" (the "PACA Trust Account").  Signatories shall be counsel for Plaintiff and counsel for Defendant, each of whom shall receive copies of the monthly statements.  Defendant shall file the monthly bank statements with the Court upon receipt.

5.      No distributions or withdrawals may be made from the PACA Trust Account except as authorized in this Order or by further order of this Court.  The PACA Trust Account is not subject to execution by any other creditor of K & R Farms.

6.      Immediately upon opening the PACA Trust Account, K & R Farms shall transfer any and all sums held in K & R Farms's name, or otherwise derived from its PACA Trust Assets, into the PACA Trust Account and shall continue depositing all PACA Trust Assets recovered into this account, for the benefit of all qualified PACA trust beneficiaries.

4

7.      Any and all interest which accrues on the funds in the PACA Trust Account, from the date the account was opened to the date of distribution, shall follow the funds into the hands of the creditor ultimately deemed entitled to such funds.

## III.   <u>LIQUIDATION OF THE ASSETS</u>

8.      K & R Farms shall promptly and aggressively liquidate any and all Receivables or other debts owed to it, through any reasonable means, and shall deposit all proceeds into the PACA Trust Account.  Any proposed settlement and collection of a disputed Receivable may be discounted up to 15% without further notice.  Any higher discount must be noticed to the signatories to this Order, who shall be given three (3) business days to object.  Absent any objection, the deal can be consummated as proposed.

9.      K & R Farms shall also liquidate any and all of its FF&E, if any, through any reasonable means, and shall likewise deposit the gross proceeds of any such sale of assets into the PACA Trust Account.  Any proposed sale of assets involving a sale price of $10,000.00 or more shall be noticed to the signatories of this Order who shall be given three (3) days to object.  Absent any objection, the deal can be consummated as proposed. An auction of K & R Farms's assets is contemplated.  Notice of such shall be given to counsel for Plaintiff and Defendants.

10.     K & R Farms shall maintain the integrity and security of its financial records including accounts payable and receivable.  Upon written request, during normal business hours, K & R Farms shall produce or allow inspection of such records that are reasonably necessary to enforce this Order, including, without limitation, books and records, invoices,

5

credit memos, accounts receivable ledgers, insurance policies, inventory lists, accounts payable lists, customer lists, and invoices from vendors.

## IV.    PACA CLAIMS PROCEDURE

11.    K & R Farms shall, within three (3) business days from the date of this order, provide Plaintiff's counsel with a detailed listing of all accounts payable for which payment has not been made and provide Plaintiff's counsel a detailed listing of the Receivables. The listing shall specifically include the full name, address, and account balance for each Receivable and payable.

12.    Plaintiff's counsel shall then, within ten (10) business days from the date of this Order, issue a written notice ("the Notice"), in a form similar to that attached hereto as Exhibit A, to each and every entity, or to their counsel of record, on K & R Farms's listing of accounts payable.  Such written Notice shall be sent via certified mail with return receipt requested or any equally verifiable means to prove delivery upon the recipient.  All persons or entities claiming to be PACA trust beneficiaries of K & R Farms are hereby granted leave to intervene, without further notice or motion ,and once having intervened and filed a Proof of Claim each such entity shall be bound by all Orders entered in this case.

13.    The Notice shall be structured on the following schedule:

**Deadline to File Complaint in Intervention
    and PACA Proof of Claim**  . . . . . . . . . . . . . . **August 15, 2008**

**Objections to any PACA Proof of Claim Due**  . . **August 29, 2008**

**Responses to Claims Objections Due**  . . .  **September 12, 2008**

**Deadline to File PACA Trust Chart**  . . . . . .  **September 26, 2008**

**Deadline to File Objections to PACA Trust Chart**  **October 10, 2008**

**Interim Pro Rata Distribution Deadline . . . . . . October 10, 2008**

14.     Each unpaid supplier of Produce to K & R Farms holding a claim for nonpayment for produce and alleging rights under the PACA Trust shall file with the Clerk of the Court for this District, and serve counsel for Plaintiff and Defendants, on or before the Proof of Claim deadline, a completed PACA Proof of Claim in a form similar to that attached to this Order as Exhibit B together with any and all documents supporting its claim **and** a Complaint in Intervention which complies with Federal Rule of Civil Procedure 8(a).

15.     Any supplier or creditor who fails to timely file such PACA Proof of Claim **and** Complaint in Intervention with the Court and serve the signatories to this Order, shall be forever barred from thereafter asserting any claim against K & R Farms, its officers, directors, or employees and the Plaintiff, whether in this Court or any other forum, and also forever barred from participating in any distribution in this action.  Each PACA Proof of Claim must be verified by either the owners or an authorized employee of the respective claimants having personal knowledge of the facts comprising such claims.

16.     Any party wishing to review or copy any documents may make arrangements with the Clerk of the Court or counsel to view the documents, or arrange for copying at the requesting party's expense.

17.     Any objections to any PACA claims must be filed with the Clerk of the Court and served upon all counsel of record as well as the PACA claimant whose claim is the subject of the Objection.  Any and all such objections must be filed and served on or before the "Objection Deadline."  The Objection must set forth in detail the legal and factual basis for the objection to each invoice subject to the objection.

7

18.    On or before the "Response Deadline," any PACA claimant whose claim is subject to an objection may file with the Court a detailed response to any objection received and serve all counsel of record.  A claim will be disallowed if an objection was timely filed and the claimant fails to file a timely response.

19.    Any PACA claim, or portion thereof, to which no objection has been filed and served prior to the Objection Deadline shall be deemed a valid PACA trust claim for the non-objected to amount stated in the PACA Proof of Claim.

20.    The claimant and objecting party shall thereafter exercise best efforts to resolve any Objections.  In the event the claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, Plaintiff's counsel or Defendant's counsel shall file a motion for determination of the validity of the disputed claims.

21.    On or before the "Deadline to File PACA Trust Chart," Plaintiff's counsel shall prepare, file with the Court, and serve upon all counsel of record that filed a PACA Proof of Claim, a chart listing each person or entity having filed a verified PACA Proof of Claim, the amount of its claim as set forth on the Proof of Claim, the amount which is deemed valid due to no objections being filed, the amount which is deemed invalid due to no response on the objection being filed, the amount, if any, subject to a pending objection and the amount of any objection that was resolved by settlement (the "PACA Trust Chart"). The PACA Trust Chart must also list the funds available for an immediate distribution equal to ninety percent (90%) of the funds on deposit at the time in the PACA Trust Account ("Available Funds").  The PACA Trust Chart must list the pro rata distribution of the Available Funds to the undisputed and disputed claims.

22.     Parties have until the "Deadline to Object to the PACA Trust Chart" to file and serve on all counsel of record objections to the PACA Trust Chart.  The mere objection to the characterization of a claim as disputed or undisputed will not serve as valid objection to the PACA Trust Chart or prevent distribution according to its terms.   Absent valid objections, Plaintiff's counsel shall, and is hereby authorized to, make an interim distribution of the Available Funds on or before the "Interim Distribution Deadline" to be paid pro rata to the holders of valid claims listed on the PACA Trust Chart.  Plaintiff's counsel shall make the distribution payable to the client trust account of the claimant's attorney of record.  If an attorney represents more than one claimant, the distribution may be made in one lump sum in the aggregate amount of all the attorney's clients' distributions.  Each attorney has the duty to then distribute the funds to their clients in accordance with the PACA Trust Chart. The pro rata portion of disputed claims will be held in the PACA Trust Account until such time as the objections to such claims are resolved, in which case the reserve portion is either used to make the pro rata distribution to the claim if the Claimant prevails, or is made available for distribution to other valid claims if the objecting party prevails.  Any timely valid objections to the PACA Trust Chart shall be resolved between the parties or submitted to the Court on motion for ruling.

23.     In order to ensure all trust beneficiaries share in the costs and expenses incurred in enforcing the Defendants' obligations under PACA on the same pro rata basis as they are accepting the benefits of such actions, including the prospective fees and costs of marshalling the PACA trust assets for their direct benefit, Martyn and Associates shall include their fees and costs as a separate line item in the PACA Trust Chart and the Court

will consider any qualified PACA trust beneficiary's objection made within ten (10) days to such fees and expenses.

24.     Any and all other lawsuits and legal proceedings, against the Defendants, including reparation actions filed with the United States Department of Agriculture and other administrative actions, are subject to this Order.  Any parties to such actions shall assert their rights against Defendants in this matter pursuant to this Order.  K & R Farms shall notify any courts where actions are pending of the entry and terms of this Order.

25.     This Court shall exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets, and the PACA Trust Account established pursuant to this Order.  The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

DONE and ORDERED in Chambers, Orlando, Florida this 30th day of June, 2008.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party